(No. 19542.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT A. WARD, Plaintiff in Error.

*Opinion filed October 19, 1929.*

GEORGE W. HUNT, and J. J. BULLINGTON, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, HARRY K. WARD, State's Attorney, and GEORGE P. O'BRIEN, (BARNES & MAGOON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Robert A. Ward, was indicted, tried, found guilty of embezzlement by a jury, who fixed his punishment at imprisonment in the penitentiary and a fine of $160. He was sentenced on the verdict and brings the record here for review on writ of error.

Various errors are assigned by plaintiff in error, among them one which is sufficient to give this court jurisdiction, but in the view which we take of the cause it will be only necessary to consider and discuss one of them.

It is urged by plaintiff in error that there is a fatal variance between the allegations of the indictment and the

evidence on the trial. The indictment charges that the defendant on the 22d day of April, 1927, was president of the First State Bank of Magnolia, Putnam county, and, being such officer, received on deposit from Lucille Miller $80, describing it in all the various forms of coin and currency, and "also a certain order drawn on the township treasurer of Magnolia township, in said Putnam county, by the president and clerk of the board of directors of school district No. 26 in said Magnolia township, in said Putnam county, for the sum of one hundred dollars, ($100,) a further description of the same being unto the grand jurors unknown, of the value of one hundred dollars, ($100,) upon which the said Lucille Miller received at the time twenty dollars ($20) and so deposited with said Robert A. Ward the residue thereof, of the amount and value then and there, in all, of the sum of $80 lawful money of the United States of America;" that Lucille Miller was not indebted to the bank at the time of making the deposit; that the bank was insolvent at the time the deposit was received, within the knowledge of the defendant, and that as a result of the insolvency the deposit was lost to Lucille Miller and was converted by the defendant to the use of the First State Bank of Magnolia, contrary to the statute, etc.

The evidence discloses no transaction wherein any money of any description whatever was transferred from the possession of Lucille Miller to plaintiff in error or any officer or employee of the First State Bank of Magnolia. Neither was there any evidence of any transaction with her other than one in which an order for her salary as a district school teacher was involved. This was not an order drawn on the "township treasurer of Magnolia township, in said Putnam county," as described in the indictment, but was an order drawn on "the treasurer of township No. 31, range No. 2, west of the third principal meridian, Putnam county, Illinois." Magnolia township, in Putnam

county, and township No. 31, range No. 2, west of the third principal meridian, in Putnam county, are entirely different corporate entities. They were organized for entirely different purposes. They are vested with entirely different corporate powers. Their limits are not coincident. Magnolia township contains forty-three sections, only seven of which are in township 31, range 2. Township 31, range 2, contains thirty-six sections, twenty-nine of which are outside of the corporate limits of Magnolia township. The supervisor of Magnolia township is *ex-officio* the treasurer of Magnolia township. The treasurer of township 31, range 2, west of the third principal meridian, is a person elected by the trustees of schools of that township for a period of two years, who must be a resident of that township. (Smith's Stat. chap. 122, sec. 67.) He may or may not be a resident of Magnolia township. The treasurer of Magnolia township may or may not be a resident of township 31, range 2, west of the third principal meridian. An order drawn on the township treasurer of Magnolia township is an entirely different instrument than an order drawn on the township treasurer of township 31, range 2, west of the third principal meridian. A judgment of *nil capiat* in a suit brought against Magnolia township on an order drawn on the treasurer of township 31, range 2, west of the third principal meridian would not be *res judicata* in a suit brought on the same instrument against township 31, range 2, west of the third principal meridian. The allegation in the indictment that the order in question was drawn on "the township treasurer of Magnolia township, in said Putnam county," was a material allegation, and being such it was necessary to be proved as alleged, and a failure to prove it was a fatal lack of evidence to prove the crime charged. *People* v. *Novotny,* 305 Ill. 549.

The judgment of the circuit court of Putnam county must therefore be reversed. *Judgment reversed.*